HART *vs* FISK.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE
JUDGE OF THE SECOND PRESIDING.

The appeal must be made returnable to the next term, if there is sufficient time to cite in the appellee. If the transcript of the proceedings cannot be made out in time to be filed, on or before the return day, the appellant may obtain further time to bring up the record, on application to the court.

The return day of the appeal cannot be postponed by the judge *a quo*, for the purpose of giving time to make out a transcript of the record.

The plaintiff recovered a judgment against the defendant at the April term, 1836, of the Iberville District Court, which was rendered by the judge of the second district, who was required by law to hold that term.

On the 29th of October following, the defendant prayed an appeal to the Supreme Court. This application was made to the judge of the fourth judicial district, at chambers. The appeal was granted, and made returnable " on the *fourth Monday* of December *next,* there not being time to make up the record for the November term," &c.

The record was filed on the return day.

*Stacy,* for the plaintiff and appellee, moved to dismiss the appeal, because it was made returnable to an improper *term.* It should have been made returnable to the November term, which was the next term following the period of granting the appeal.

2. There was sufficient time to have cited the appellee to the next term after the appeal was allowed, and no excuse or legal delay can be admitted in favor of extending the time to December. *Vide Code of Practice, articles* 583, 585. 3 *Louisiana Reports,* 467.

*Lobdell, contra.*

1. As the record contained the judgment appealed from, with the documents and all the evidence of the case, which

'the appellant was bound to file on the return day, the judge might, with great propriety, extend the return of the appeal as he did, to enable the record to be made up.

2. It was necessary that this extension of the return day should be allowed, in order to make out, and serve the citations in due time.

3. The judge *a quo* had a right to extend the return day to December, if there was not time to cite in the appellee, and this was, no doubt, one of the reasons of the extension given.

*Martin, J.*, delivered the opinion of the court.

The appeal was allowed on the 29th October, 1836, and made returnable on the fourth Monday of December following; the judge having expressed his opinion "that there was not sufficient time *to make up the record for the November term.*" The counsel for the appellee contends, that the appeal ought to be dismissed, because the authority of the judge to make an appeal returnable to any other term than that immediately succeeding the allowance of the appeal, is restricted to cases in which there is not sufficient time for the citation of the appellee. *Code of Practice*, 583.

As soon as the appeal has been allowed, and the appeal bond executed, the appellant is bound to obtain from the clerk a citation, and a copy of the petition of appeal, which he is to deliver to the sheriff for immediate service, unless the clerk has done so before. *Code of Practice*, 581. The transcript of the proceedings may be made afterwards, *Ibid.*, 585; and if it cannot be made before the return day, the appellant may obtain further time to bring up the record on application to this court, *Ibid.*, 883. The return day of the appeal cannot be postponed by the judge *a quo*, for the purpose of affording time to make a transcript of the record. The appeal must, therefore, be dismissed.

The appeal must be made returnable to the next term, if there is sufficient time to cite in the appellee. If the transcript of the proceedings cannot be made out in time to be filed on or before the return day, the appellant may obtain further time to bring up the record, on application to the court.

The return day of the appeal cannot be postponed by the judge *a quo* for the purpose of giving time to make out a transcript of the record.